IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| RICHARD COLLINS, individually and on behalf of a class of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | No. 10-778C <br> (Judge Christine O.C. Miller) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's Introduction constitute conclusions of law, and plaintiff's characterization of his case, to which no answer is required.

1.   Admits the allegations contained in paragraph 1 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 1.

2.   The allegations contained in the first sentence of paragraph 2 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.  Admits the allegations contained in the second sentence of paragraph 2 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 2.

3.   The allegations contained in paragraph 3 constitute conclusions of law and

plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

10.     The allegations contained in paragraph 10 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

11.     Denies the allegations contained in paragraph 11 as to what plaintiff "believes" for lack of knowledge or information sufficient to form a belief as to their truth.  Defendant further avers that more than 100 service members fall within the alleged class described in paragraph 10 of the complaint.

12.     The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

13.     The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

14.     The allegations contained in paragraph 14 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be

deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

19. Admits the allegations contained in paragraph 19 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the

administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21.     Admits the allegations contained in paragraph 21 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22.     Admits the allegations contained in paragraph 22 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23.     Admits the allegations contained in paragraph 23 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24.     Admits the allegations contained in paragraph 24 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25.     Admits the allegations contained in paragraph 25 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26.     Admits the allegations contained in paragraph 26 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27.     Admits the allegations contained in paragraph 27 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28.     Admits the allegations contained in paragraph 28 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29.     Admits the allegations contained in paragraph 29 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31.     Admits the allegations contained in paragraph 31 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32.     Denies the allegation contained in the first sentence of paragraph 32 as to what plaintiff "expected to receive" for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in paragraph 32 to the extent supported by the administrative record, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 32.

33.     The allegations contained in paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.  Defendant further avers that Congress has provided for separation pay under certain terms, conditions, and criteria established by the Secretary of Defense.  *See, e.g.*, 10

U.S.C. § 1174.

34.     The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

35.     The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

36.     Admits the allegations contained in paragraph 36 to the extent supported by the instructions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 36.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the instruction cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38.     The allegations contained in the first sentence of paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.  Admits the allegations contained in the second sentence of paragraph 38 to the extent supported by the instruction cited (DoD Instruction 1332.29), which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 38.

39. Admits the allegation contained in the third sentence of paragraph 39 that DoD Instruction 1332.29 was promulgated before enactment of the "Don't Ask Don't Tell statute," 10 U.S.C. § 654. The remainder of the allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

41. The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

42. Defendant's responses to paragraphs 1 through 41 of the complaint are incorporated by reference.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are

admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law, to which no response is required; to they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

47. The allegations contained in paragraph 47 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

50. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

51. The allegations contained in paragraph 51 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

55. The allegations contained in paragraph 55 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of act, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied.

58. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 57, or to any relief whatsoever.

59. Denies each and every allegation not previously admitted or otherwise qualified.

60. Defendant reserves the right to move for judgment on the administrative record and to raise any and all arguments in response to plaintiff's allegations in the complaint.

## AFFIRMATIVE DEFENSES

61. Plaintiff's claims are barred by the doctrines of waiver and/or release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

OF COUNSEL:

JOHN GOEHRING, Capt.
Air Force Civil Litigation
1500 West Perimeter Road, Suite 1370
Joint Base Andrews, MD 20762

s/L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tele: (202) 305-3087

November 16, 2011

Attorneys for Defendant