IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
                                       )
RICHARD COLLINS, individually          )
and on behalf of a class of all those  )
similarly situated,                    )
                                       )
                Plaintiff,             )        No. 10-778C
                                       )        (Judge Christine O.C. Miller)
        v.                             )
                                       )
THE UNITED STATES,                     )
                                       )
                Defendant.             )
_____)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant, the United States, respectfully submits this opposition to the motion to strike

defendant's answer filed by plaintiff Richard Collins.  In his motion to strike, Mr. Collins argues

that our answer should be stricken because, in response to a number of the allegations in the

complaint, we have asserted that we admit the allegations "to the extent supported by the

administrative record, which is the best evidence of its contents; otherwise they are denied."  Mr.

Collins argues that this response is improper because we are entitled to only unconditionally

admit or deny his allegations or state that we lack sufficient information to respond.  Plaintiff's

Mot. at 2-4.  Mr. Collins also argues that our answer is insufficient "because it fails to respond to

numerous allegations on the ground that they purportedly require a legal conclusion."  Plaintiff's

Mot. at 4.

As explained below, Mr. Collins is incorrect.  Mr. Collins fails to demonstrate that our

answer meets the requirements for granting a motion to strike under Rule 12(f) – that is, that it

contains "redundant, immaterial, impertinent, or scandalous" material.  R.C.F.C. 12(f).  Mr.

Collins also fails to recognize that the Court's review of this case is based upon the

administrative record.  Given that fact, our response to the complaint is reasonable and the Court
should deny the motion to strike.

ARGUMENT

Rule 12(f) of this Court's Rules provides that "[t]he court may strike from a pleading an
insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  R.C.F.C.
(12)(f).  It is axiomatic "'that the action of striking a pleading should be sparingly used by the
courts.  It is a drastic remedy to be resorted to only when required for the purposes of justice.
The motion to strike should be granted only when the pleading to be stricken has no possible
relation to the controversy.'"  *Augustus v. Board of Public Instruction of Escambia County, Fla.*,
306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*,
201 F.2d 819 (6th Cir. 1953)).   Indeed, "there appears to be general judicial agreement . . . that [a
motion to strike] should be denied unless the challenged allegations have no possible relation or
logical connection to the subject matter of the controversy and may cause some form of
significant prejudice to one or more of the parties to the action."  5C C. Wright & A. Miller, Fed.
Prac. & Proc. Civ., § 1382 (3d. ed. 2004).

As an initial matter, Mr. Collins is not seeking to strike any "insufficient defense" in our
answer.  Instead, he asks the Court to strike our response to various allegations of the complaint.
Mr. Collins, however, never explains what is "redundant, immaterial, impertinent, or scandalous"
about our responses.  *See* R.C.F.C. 12(f).  "Redundant" statements "constitute a needless
repetition of other averments in the pleading."  5C C. Wright & A. Miller, Fed. Prac. & Proc.
Civ., § 1382   An "immaterial" matter "has no essential or important relationship to the claim for
relief or the defenses being pleaded, or a statement of unnecessary particulars."  *Id.*

2

"Impertinent" statements "do not pertain, and are not necessary, to the issues in question." *Id.* A "scandalous" statement "improperly casts a derogatory light on someone." *Id.* Mr. Collins never explains how our answer fits any of these definitions – indeed, it does not fit the plain meaning of these terms. Nor can our answer be construed to have "no possible relation" to this case. *Augustus*, 306 F.2d at 868. Accordingly, the Court should deny the motion to strike.

Moreover, Mr. Collins' motion is based upon a fundamental misunderstanding of the nature of this case and this Court's review of military decisions. As the Court of Appeals for the Federal Circuit has made clear, judicial review of agency action is based upon the administrative record. "The focus of judicial review of agency action remains the administrative record, which should be supplemented only if the existing record is insufficient to permit meaningful review consistent with the APA." *Walls v. United States*, 582 F.3d 1358, 1367-68 (Fed. Cir 2009) (citations omitted); *see also Bateson v. United States*, 48 Fed. Cl. 162, 164 (2000) ("[J]udicial review in military pay cases is normally limited to the administrative record developed before the military board."). "The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to 'convert the arbitrary and capricious standard into effectively *de novo* review.'" *Axiom Res. Mgmt.*, 564 F.2d at 1378 (Fed. Cir. 2009) (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)).

Thus, given that the Court's review of this matter is based upon the administrative record, we suggested in the joint status report filed on November 4, 2011, that the deadline for filing our response to the complaint be deferred pending our collection of the administrative record and resolution of Mr. Collins' motion for class certification. Mr. Collins, however, insisted that we file an answer now. Pursuant to the Court's order of November 7, 2011, we filed an answer, but

reasonably qualified our response to certain allegations.  Specifically, we admitted certain factual

allegations "to the extent supported by the administrative record, which is the best evidence of its

contents; otherwise they are denied."  This response is reasonable given that the Court's review

of the military's actions in this case will be based upon the record and given that the record has

not yet been filed.  This response is certainly not redundant, immaterial, impertinent, or

scandalous, nor can this response be said to have "no possible relation to the controversy."

*Augustus*, 306 F.2d at 868.

    Indeed, Mr. Collins fails to cite any case like this one – that is, a case in which judicial

review is based upon the administrative record and where a party has admitted factual allegations

"to the extent supported by the record; otherwise they are denied."  Rather, Mr. Collins cites

cases that, for example, involve parties that "neither admit nor deny the allegations, and demand

that the Government prove its case."  *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN

1M2K189C77M036428*, 680 F.Supp.2d 816, 828 (E.D. Mich. 2010); *see also Mahanor v. United

States*, 192 F.2d 873, 876 (1st Cir. 1951) (addressing answer in which defendant "neither admits

nor denies the truths of the allegations of this paragraph and demands that the plaintiff prove said

allegations.").

    Mr. Collins is also not prejudiced by our answer.  *See Augustus*, 306 F.2d at 868 ("It is

true, also, that when there is no showing of prejudicial harm to the moving party, the courts

generally are not willing to determine disputed and substantial questions of law upon a motion to

strike.  Under such circumstances, the court may properly, and we think should, defer action on

the motion and leave the sufficiency of the allegations for determination on the merits").  Mr.

Collins contends that our response is inadequate because, "since no 'administrative record' has

been filed, referring to an 'administrative record' provides Plaintiffs with no notice of which allegations the government intends to contest." Motion to strike, at 4. We will be producing Mr. Collins' service records shortly. Thus, Mr. Collins can now determine for himself whether his factual allegations in the complaint are, in fact, supported by those records. And in any event, Mr. Collins will have ample opportunity to address our views of the merits of the case when we file the administrative record and move for judgment upon that record. If, after reviewing the record and our motion, he believes that the record is somehow deficient, he may ask the Court for relief at that time (and we may, of course, oppose such a motion). *See Travelers Cas. and Sur. Co. of America v. Dunmore*, No. CIV. S-07-2493 LKK/DAD, 2010 WL 5200940 (E.D. Cal. Dec. 15, 2010) ("If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits.").

Mr. Collins also contends that, even if the record were filed, the Government would still need to specify which allegations we agree are supported by the record "so Plaintiffs have an opportunity to collect enough evidence to prove their case." Motion to strike, at 4. Mr. Collins misunderstands the nature of this case. Mr. Collins is not entitled to discovery on the merits of his claim. While Mr. Collins was not required to exhaust his administrative remedies by appearing before a review board prior to filing his lawsuit, his "decision [not to appear before a review board] is not without consequences." *Bateson*, 48 Fed. Cl. at 164. Thus, where a servicemember determines not to pursue an administrative appeal, he "has waived the right to make an administrative record and has to rely in a subsequent action for judicial review on the evidentiary record before the deciding official." *Id.* Put simply, while service members are "free

5

to pursue their claims directly in this Court without exhausting administrative remedies," "to proceed in this manner it would seem that [they] are either satisfied with the evidentiary record or that a sufficient basis and knowledge of the facts exist for the allegations in the complaint." *Id.* Mr. Collins, however, is "not entitled to conduct discovery with the speculative hope of finding something to support his complaint." *Id.* Thus, his concern that he needs to know which allegations we believe are supported by the record so that he can collect evidence to support his case is irrelevant because Mr. Collins is not entitled to take discovery on the merits of his case. In any event, as explained above, our answer does not prejudice Mr. Collins because if Mr. Collins ultimately concludes that the administrative record is somehow deficient, he can, at that point, seek relief from the Court.

Mr. Collins also argues that we are required to admit or deny his legal conclusions. In our answer, we averred that those conclusions are "conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the administrative record, which is the best evidence of its contents; otherwise they are denied." This response is reasonable in light of the fact that judicial review of this case is based upon the administrative record. Indeed, courts have denied motions to strike in circumstances where an answer first asserts that the allegations are legal conclusions to which no response is required, but then denies the conclusions to the extent a response is required. *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10–CV–01189–LHK, 2011 WL 2971046, at *3 (N.D.Cal. July 21, 2011) ("Where defendants deny factual allegations in addition to identifying legal conclusions, Ninth Circuit district courts generally decline to strike defendants' answers") (citing *Sykes v. Cigna Life Ins. Co.*, No. C 10–01126 CRB, 2010 WL 3324261 (N.D. Cal. Aug.23,

2010)). Thus, to the extent that Mr. Collins' legal conclusions are based upon facts, the validity

of those facts will be dependent on the record. To the extent the record fails to support those

facts, we have denied Mr. Collins' allegations. That response is reasonable, and Mr. Collins'

motion to strike should be denied.[1]

Finally, to the extent the Court agrees with Mr. Collins and determines that our answer

fails to meet the requirements of Rule 8, we respectfully request that we be afforded an

opportunity to address any concerns the Court may have and file an amended answer. *See Lane,*

272 F.R.D. at 604 (granting motion to strike, in part, and requiring certain defendants to file

amended answers); *see also* Plaintiff's Mot. at 1, 5 (requesting that the allegations in the

complaint be deemed admitted or "that Defendant be ordered to file an Answer that complies

with the requirements of RCFC8(b)").

---

[1] Our answer also makes clear that we deny "each and every allegation not previously admitted or otherwise qualified." Answer, at paragraph 59; *see Lane v. Page*, 272 F.R.D. 581, 603 (D.N.M. 2011) ("Because the statements that documents speak for themselves and that allegations are legal conclusions are neither admissions nor denials, the statements do not specifically admit the allegations, and the allegations are denied under the general denial.").

Respectfully submitted,

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

OF COUNSEL:

JOHN GOEHRING, Capt.
Air Force Civil Litigation
1500 West Perimeter Road, Suite 1370
Joint Base Andrews, MD 20762

s/L. Misha Preheim
L. MISHA PREHEIM
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480
Ben Franklin Station
Washington, DC 20044
Tele: (202) 305-3087

December 7, 2011

Attorneys for Defendant